UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HILLARY WHITE | Case No.: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| MINNEAPOLIS RAGSTOCK COMPANY | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff HILLARY WHITE ("White" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief against Defendant MINNEAPOLIS RAGSTOCK COMPANY ("Ragstock" or "Defendant") based on the following:

## INTRODUCTION

1. White is a Maine artist whose unique artwork incorporates various themes, including 1980's redux-inspired t-shirt designs. White's livelihood is dependent on her ability to license her artwork and sell merchandise bearing her designs. Unfortunately, White's artwork, "Street Cats," (hereinafter the "Subject Work") has been misappropriated and incorporated onto unauthorized merchandise, sold by Defendants throughout a large portion of the United States, if not the entire country. This is a civil action for copyright infringement, brought pursuant to the Copyright Act of 1976, Title 17 U.S.C. §101 et seq.

1

## PARTIES

2. Plaintiff is an individual domiciled and residing in Belfast, Maine.

3. Upon information and belief, Defendant is a corporation existing under the laws of the State of Minnesota, with its principal executive office address listed with the Secretary of State as 113 27th Avenue NE, Suite I, Minneapolis, Minnesota 55418.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §101 *et seq.*

5. This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1338(a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. §§1391 and 1400(a) in that this is the judicial district in which Defendants can be found.

7. Additionally, venue is proper because Defendants are incorporated/domiciled in this judicial district, and a substantial part of the events giving rise to the present claims, occurred therein.

## GENERAL ALLEGATIONS

8. Plaintiff is the author of the original work titled "Street Cats" (the "Subject Work").

9. The Subject Work was registered with the United States Copyright Office before the filing of this suit, under U.S. Copyright Registration No. VA 2-145-686, with an effective date of March 27, 2019. A true and accurate copy of the registration certificate for the Subject Work is annexed hereto as **Exhibit A**.

10. Upon information and belief, Ragstock has been in the business of retail clothing since at least 1954, currently has at least thirty-five brick and mortar locations across nine states, and also owns and operates www.ragstock.com as an online clothing store, shipping their products worldwide.

11. On March 23, 2021, Plaintiff discovered that Defendant misappropriated and incorporated the Subject Work onto merchandise, including, not limited to, t-shirts, sweatshirts, and hoodies (the "Infringing Products").

12. The allegations herein are made as to all uses that Defendants created, obtained, marketed, displayed, distributed, or sold that incorporate the Subject Work, and the use depicted in **Exhibit B** is only an exemplar and is not meant to represent the entire universe of Defendant's use.

13. Upon information and belief, Ragstock traced and/or redrew the Subject Work and used the poorly created copy on the Infringing Products.

14. Through Plaintiff's investigation, it became clear that the Infringing Products were being displayed in multiple storefronts and display racks.

15. Shortly after discovery of the infringement, Plaintiff notified Defendant of Plaintiff's rights to the Subject Work, that Defendant was infringing upon her rights to the Subject Work, and to immediately cease and desist all use, sale, reproduction, etc., of the Infringing Products.

16. Nonetheless, the Infringing Products continued to be displayed and sold in at least one of Defendant's retail locations.

17. Upon information and belief, that following her publication of the Subject Work, Defendant exploited the Subject Work without Plaintiff's consent for commercial purposes in various ways, including, but not limited to, the reproduction, distribution, display, and use of the Subject Work onto merchandise located in retail locations across nine states, and on the internet, including without limitation, www.ragstock.com.

### FIRST CLAIM FOR RELIEF
(Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

18. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

19. Plaintiff is, and at all relevant times has been, the owner of the Subject Work.

20. The Subject Work is copyrightable subject matter under 17 U.S.C § 102(a)(5).

21. Plaintiff has complied in all respects with the provisions and requirements of the Copyright Act.

22. Plaintiff has the exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Work.

23. Prior to Plaintiff's March 31, 2021 notice of copyright infringement, Defendant had actual or constructive knowledge of the infringement of Plaintiff's copyright.

24. After Plaintiff's March 31, 2021 notice of copyright infringement, Defendant continued to display and sell the Infringing Products, despite representations that Defendant's use has ceased.

25. Upon information and belief, Defendant had access to the Subject Work, including, without limitation, through (a) access to the publicly visible work; (b) Plaintiff's website and social media accounts; or (c) viewing the Subject Work on third-party websites (e.g., Tumblr, Pinterest, Etsy, etc.). The striking similarity between the Subject Work and the Infringing Products also establishes access.

26. Upon information and belief, Defendant's reproduced, adapted, displayed, and unlawfully created derivative works of the Subject Work and profited therefrom without Plaintiff's authorization or consent.

27. Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial, including without limitation, lost profits, royalties, and a diminution in the value of the Subject Work.

28. Due to Defendant's acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

29. Due to Defendant's acts of copyright infringement as alleged herein, Defendant's have obtained direct and indirect profits they would not otherwise have realized but for the infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendant's

profits directly and indirectly attributable to the infringement of the Subject Work in an amount to be established at trial.

30. Upon information and belief, Defendant has committed copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendant for statutory damages under Section 504(c)(2) of the Copyright Act.

31. Plaintiff claims all damages and remedies available under 17. U.S.C. § 504.

32. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants and their respective agents and servants be enjoined from distributing, reproducing or displaying the Subject Work in violation of Plaintiff's copyrights, pursuant to the Copyright Act, 17 U.S.C. §512(g)(2)(c), or other applicable statute;

b. That Plaintiff be awarded all profits of Defendants, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §504(c) or other applicable statute;

c. Alternatively, that the Court enter judgment against Defendants setting forth that Defendants have infringed Plaintiff's federally registered copyright to the Subject Work, pursuant to 17 U.S.C. § 501;

d. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act U.S.C. §505 *et seq.*;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

5

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable pursuant to Fed.R.Civ.P. 38 and the 7th Amendment to the United States Constitution.


Dated: May 10, 2021                              Respectfully Submitted,

                            By:  /e/ Nathan M. Hansen
                                 Nathan M. Hansen
                                 Attorney at Law
                                 2440 Charles Street North, Ste 242
                                 North St. Paul, MN 55109
                                 MN Attorney Reg. No. 0328017
                                 651-704-9600
                                 nathan@hansenlawoffice.com


                                 DANCHUK LAW LLC

                          By:  /e/ Dmitry Lapin
                                 Dmitry Lapin, Esq.,
                                 *pending pro hac vice*
                                 2 Victoria Lane
                                 Falmouth, ME 04105
                                 dmitry@emilyesquire.com
                                 207-464-0099
                                 *Attorneys for Plaintiff*